**Baltazar SOSA, Petitioner–Appellee,**

v.

**Michael COMFORT, Acting District Director, United States Immigration and Naturalization Service, Denver, Colorado, Respondent–Appellant.**

**Citizens and Immigrants for Equal Justice, Amicus Curiae.**

No. 00–1339.

United States Court of Appeals, Tenth Circuit.

March 5, 2002.

**920**

Before BRISCOE, BALDOCK, Circuit Judges, and ALLEY, District Judge.[*]

## ORDER AND JUDGMENT [**]

BRISCOE, Circuit Judge.

The United States Immigration and Naturalization Service (INS) appeals the district court's ruling that § 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c), (INA) is unconstitutional as violative of both substantive and procedural due process. Section 236(c) of the INA requires mandatory detention of criminal aliens pending administrative removal proceedings. We agree that the mandatory detention provision found in Section 236(c) of the INA, as applied to petitioner Baltazar Sosa, violates his substantive due process rights. We adopt our rationale and holdings in *Hoang et al. v. Greene*, Nos. 01–1136, 01–1180, 01–1343, and affirm.

### I.

Sosa came to the United States from Mexico in 1981 at the age of three. He has been a lawful permanent resident since 1992. In 1994 at the age of 16, he pled guilty to attempted second degree murder, commission of a crime of violence (serious bodily injury), and unlawful possession of a handgun by a juvenile in connection with an incident where he shot and wounded another student following an altercation. His plea was later changed to first degree assault and crime of violence with a deadly weapon.

Sosa was sentenced as an adult to a thirty-year suspended sentence and a six-year term in Colorado's Youthful Offender Service Program. He completed the Program in December of 1999, and was immediately detained by the INS, who filed charges of deportability with the immigration court.

On March 27, 2000, after three months in detention, Sosa filed a petition for a writ of habeas corpus arguing that § 236(c), as applied, was unconstitutional. On May 12, 2000, he was granted temporary relief when the district court ordered the INS to conduct a bond hearing. After a hearing, he was released on a $7,000 bond. The district court, addressing Sosa's habeas petition, found that § 236(c), as applied, violated both substantive and procedural due process, and converted the preliminary injunction into a permanent injunction.

Sosa is currently pursuing post-conviction relief in Colorado state court to change his sentence to one which would render him eligible for discretionary relief from deportation. Specifically, he is petitioning the state court to resentence him to 364 days. *See* 8 U.S.C. § 1226(c)(1)(C). He also alleges that the new prosecutorial discretion guidelines issued by the INS may provide another potential avenue for relief by giving INS the discretion not to pursue his deportation.

[*] The Honorable Wayne E. Alley, United States District Court for the Western District of Oklahoma, sitting by designation.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## II.

The issues raised in this case are addressed and decided in this court's opinion in *Hoang et al. v. Greene,* Nos. 01–1136, 01–1180, 01–1343. We adopt the rationale and holdings expressed therein as the rationale and holdings in the present case.

AFFIRMED.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.